IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN WALTER LUNSTEDT,

    Petitioner,

v.

DR. WILLIAM ARP-HOWARD and
OREGON ATT. GEN. ROSENBLUM,

    Respondent.

Case No. 3:13-cv-01405-JE

FINDINGS AND RECOMMENDATION

Kristina Hellman, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Assault in the First Degree, Unlawful Use of a Weapon, and Assaulting a Public Safety Officer. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#11) should be denied.

## BACKGROUND

On January 27, 2009, petitioner used a knife to stab a tavern employee in his chest, abdomen, and upper arm. When law enforcement personnel arrived, petitioner kicked one of the policemen. As a result, on February 4, 2009, the Lane County Grand Jury indicted petitioner on one count each of Assault in the First Degree, Unlawful Use of a Weapon, and Assaulting a Public Safety Officer. Respondent's Exhibit 102.

Petitioner waived his right to a jury trial and proceeded to a stipulated facts trial where his attorney principally argued that petitioner was guilty except for insanity, and where petitioner testified that he had acted in self defense. At the conclusion of the trial, the judge found petitioner guilty but for insanity and sentenced him to the jurisdiction of the Psychiatric Security Review Board ("PSRB") for a term not in excess of 20 years. Respondent's Exhibit 103, p. 37. Approximately 18 months later, the PSRB conditionally released petitioner from the Oregon State

2 - FINDINGS AND RECOMMENDATION

Hospital and placed him in the community. Respondent's Exhibit 117, pp. 1, 4.

Petitioner did not take a direct appeal, but instead filed for post-conviction relief ("PCR") in Marion County where the PCR trial court denied relief. Respondent's Exhibits 118-119. The Oregon Court of Appeals summarily affirmed the PCR trial court's decision, and the Oregon Supreme Court denied review. Respondent's Exhibits 122, 124.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on August 12, 2013. In his Amended Petition, he raises nine grounds for relief, but elects to support only a single claim with argument. Specifically, as Ground Two petitioner asserts that his trial attorney was constitutionally ineffective when he failed to advise petitioner as to the nature of a stipulated facts trial, and that the finding of guilty but for insanity was a foregone conclusion. Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner failed to fairly present Grounds One and Three through Nine to Oregon's state courts, leaving them procedurally defaulted and ineligible for federal habeas review; (2) the state-court decisions denying Ground Two were neither contrary to, nor unreasonable applications of, clearly established federal law; and (3) all of petitioner's claims lack merit.

///

3 - FINDINGS AND RECOMMENDATION

# DISCUSSION

## I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires

the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

## II. **Unargued Claims**

As previously noted, petitioner raises a variety of claims in his Amended Petition. In his supporting memorandum, however, he chooses to brief only the ineffective assistance of counsel claim in Ground Two. Petitioner does not argue the merits of his remaining claims, nor does he address respondent's arguments as to why relief on these claims should be denied. As such, petitioner has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims). Even if petitioner had briefed the merits of these claims, the court has examined them based upon the existing record and determined that they do not entitle him to relief.

## III. **Ground Two: Failure to Advise Regarding Stipulated Facts Trial**

Petitioner alleges that counsel failed to properly advise him as to the nature of his stipulated facts trial, resulting in an unknowing and involuntary decision to waive his right to a conventional trial. He asserts that had counsel advised him properly, he would have insisted on proceeding to trial where he could present a defense of self-defense.

5 - FINDINGS AND RECOMMENDATION

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

As discussed in the Background of this Findings and Recommendation, petitioner proceeded directly to PCR following his convictions. Trial counsel presented the PCR trial court with a detailed affidavit wherein he stated that: (1) petitioner was lucid during the time of representation; (2) petitioner was unable to identify any witnesses who could support a self-defense theory; (3) petitioner "ultimately concluded that proceeding by a stipulated facts trial, and being convicted and committed to the PSRB for 20 years, was preferable to going to prison." Respondent's Exhibit 116, pp. 1-3. Petitioner submitted his own Declaration to the PCR trial court wherein he stated that he never consented to an insanity defense, did not realize he was having a stipulated facts trial, and acknowledged that he would be subject to re-prosecution and possible incarceration if he prevailed in his challenge. Respondent's Exhibit 108.

By the time the PCR trial commenced, the PSRB had already released petitioner to the community and petitioner declined to participate in the hearing. Petitioner's appointed PCR attorney advised the court that petitioner was already "in the community now" and warned that if the court were to grant relief, petitioner "would be arrested, he would be taken to jail. He would be lodged on at least $50,000 bail." Respondent's Exhibit 117, p. 2. PCR trial counsel also noted that, based upon the detailed affidavit submitted by petitioner's criminal trial attorney, his client would

7 - FINDINGS AND RECOMMENDATION

certainly be convicted if he proceeded to trial. *Id* at 3. He noted that petitioner "is aware of that and is continuing to want to pursue his case which if - I guess if nothing else, shows you that he believes in what he's saying." *Id.*

The PCR trial court rejected petitioner's Ground Two claim as follows:

> I'm denying post conviction relief, having read the record, making a finding there were no witnesses who would've supported the defense. Petitioner signed the . . . waiver of jury trial and discussed that. And the Court discussed that with him.
>
> The attorney told the Petitioner that his options were being convicted at trial and sent to the penitentiary or going to the hospital on GEI. Petitioner chose GEI, and [his] attorney went forward with Petitioner's permission to stipulate to the facts and present the GEI. The waivers were knowing and voluntary. No inadequacy, no prejudice.

Respondent's Exhibit 117, pp. 4-5.

The Oregon Court of Appeals similarly denied this claim in a reasoned decision:

> Appellant asserted that his trial attorney rendered inadequate assistance; therefore, the questions are whether appellant's attorney gave appellant sufficient information for appellant to make a knowing and intelligent decision whether to accept a stipulated facts trial, and whether appellant's attorney reasonably should have known that petitioner did not understand that information. The trial court explicitly or implicitly found that appellant's attorney gave appellant sufficient information to make a knowing and intelligent decision, and that the attorney had no reason to know that petitioner did not understand

8 - FINDINGS AND RECOMMENDATION

> that information. This court is bound by those
> findings, and those findings are dispositive
> of appellant's claim.

Respondent's Exhibit 122.

As noted by the Oregon Court of Appeals, the PCR trial court found trial counsel's Affidavit to be credible. Taking this credibility determination as true pursuant to 28 U.S.C. § 2254(e)(1), it was not unreasonable for the PCR trial court to conclude that trial counsel properly advised petitioner regarding the stipulated facts trial. Put another way, there is ample evidence in the record from which the PCR trial court could have concluded that counsel competently advised petitioner.

Even assuming counsel's performance had fallen below an objective standard of reasonableness, petitioner is unable to demonstrate prejudice. Petitioner was facing three felony charges, one of which carried a mandatory minimum term of 90 months in prison. See ORS 137.700(2)(a)(F). Nothing in the record suggests he had any viable defense to the charges. In addition, petitioner's charges stemmed from his attacks on two different victims, thereby elevating his chance of consecutive sentences. See ORS 137.123. Petitioner not only avoided a lengthy prison term in favor of treatment at the Oregon State Hospital, but the PSRB issued him a conditional release to the community after only 18 months at the Oregon State Hospital. Respondent's Exhibit 117, p. 4. Thus, by any objective measure, any failure on the part of

counsel did not result in prejudice. Accordingly, the court should deny relief on the Amended Petition.

**RECOMMENDATION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#11) should be denied and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 28 day of September, 2015.

John Jelderks
United States Magistrate Judge